UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| ROBERT GREGOR | ) | Case No. 13-03762 |
| NANCY J. McADAM, | ) | Hon. Janet A. Baer |
| | ) | Hearing Date: Tues., July 8, 2014 |
| Debtors. | ) | @ 10:00 a.m. |

## NOTICE OF MOTION

To:     See Attached Service List

**PLEASE TAKE NOTICE** that on **Tuesday, July 8, 2014** at **10:00 a.m**., or as soon thereafter as may be possible, we shall appear before the Honorable Janet A. Baer or any other Judge sitting in her stead, in **Courtroom 615**, of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Final Application of Trustee's Attorneys for the Allowance of Compensation and Reimbursement of Expenses,** a copy of which is hereby served upon you.

/s/ Norman B. Newman
Norman B. Newman, Trustee

Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100
nnewman@muchshelist.com

## CERTIFICATE OF SERVICE

Norman B. Newman, an attorney, hereby certifies that on June 16, 2014, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice.

/s/Norman B. Newman

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| ROBERT GREGOR ) | Case No. 13-03762 |
| NANCY J. McADAM, ) | Hon. Janet A. Baer |
| ) | Hearing Date: Tues., July 8, 2014 |
| Debtors. ) | at 10:00 a.m. |

**FINAL APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period May 7, 2013 through May 28, 2014. In support of this Application, Much Shelist respectfully states as follows:

2.      On May 20, 2013 , this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case. This application includes legal services rendered by the Trustee. Mr. Newman has taken care to distinguish his legal services from his Trustee services. Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services.

4.      Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case. To date, Much Shelist has not received any compensation for services rendered or reimbursement of out-of-pocket expenses incurred in this matter.

2

5.     Much Shelist is entitled to receive final compensation in the amount of $12,819.50 plus reimbursement of out-of-pocket expenses in the amount of $146.90 for services rendered during the period May 7, 2013 through May 28, 2014.

6.     Much Shelist provided 22.10 hours of services on behalf of the Trustee during the time period cover by this application.

7.     The following is a summary of time expended, by individual, during the time period covered by this application:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 13.20 hrs. | $605.00/hr. | $7,986.00 |
| Norman B. Newman | 6.30 hrs. | $625.00/hr. | 3,937.50 |
| Jeffrey M. Schwartz | 1.00 hrs. | $560.00/hr. | 560.00 |
|  |  |  |  |
| **Paralegal** |  |  |  |
| Janiece Waters | 1.60 hrs. | $210.00/hr. | 336.00 |
|  |  |  |  |
| **TOTAL** | **22.10 hrs.** |  | **$12,819.50** |

8.     Attached hereto as Exhibit "B" is a statement of legal services rendered. The services are listed chronologically and are separated by activity. Certain time entries could have been listed under a different activity, but there is no duplication of time entries. The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by §704 of the Bankruptcy Code. This application complies with the standards enunciated in <u>In re Continental Securities Litigation</u>, 572 F. Supp. 931 (N.D. Ill. 1983) <u>modified</u> 692 F.2d 766 (7th Cir. 1992).

9.     At all times relevant hereto, Much Shelist provided legal services in the most efficient and cost effective manner. Much Shelist's goal was to obtain a positive resolution of the matter at hand, while in the process minimizing the costs to the estate.

10. During the time period covered by this application, Much Shelist attorneys have provided services to the Trustee with respect to the following matters:

A. **Employment of Professionals (Tab 1)**: A total of 3.10 hours of time was expended by Much Shelist with the preparation of pleadings and appearances in Court on the following employment motions: Trustee's Motion to Employ Attorneys and to Employ an Accountant. The individual who provided services in connection with the Trustee's employment of professionals and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.10 hrs. | $605.00/hr. | 1,270.50 |
| Jeffrey M. Schwartz | 1.00 hrs. | $560.00/hr. | 560.00 |
|  |  |  |  |
|  |  |  |  |
| **TOTAL:** | **3.10 hrs.** |  | **$1,830.50** |

B. **Disposition of Assets (Tab 2)**: A total of 6.20 hours of time was expended by Much Shelist on the disposition of assets of this estate. According to the Debtors' Schedule A-Real Property, Nancy McAdam held a one-four (1/4) interest in a vacation home located in South Haven, Michigan (the "Real Estate"). Ms. McAdams interest was valued at $37,500.00 and there were no liens against the property referenced in the Debtor's Schedules. The Trustee ordered a chain of title report and a tax search to determine ownership of the property, status of payment of real estate taxes and to get an idea of valuation. Upon review of the chain of title report, the Trustee determined that Ms. McAdam's three siblings had quit claimed their ownership interest in the real estate to Ms. McAdam. Thereafter, Ms. McAdams transferred title to the Real Estate to herself and Debtor, Robert Gregor, in joint tenancy. As a result, the Trustee determined that the Debtors owned 100% of the Real Estate as joint tenants, free and clear of liens. Thereafter, counsel was involved in telephonic and written communications with the Debtor's attorney with respect to an offer to purchase the Real Estate. Counsel also prepared

4

pleadings and appeared in Court on the Trustee's motion to sell the Real Estate to Ms. McAdam for the sum of $75,000.00, subject to any and all liens and free and clear of any exemption claims.  The Trustee consummate the sale and received $75,000.00 from the Debtor.  The summary of the time expended by Mr. Newman, as Trustee's attorneys is provided below:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 6.20 hrs. | $605.00/hr. | $3,751.00 |
| | | | |
| **TOTAL:** | **6.20 hrs.** | | **$3,751.00** |

   **C.**  **Claims Administration/Analysis (Tab 3)**:  Norman B. Newman, as counsel for the Trustee expended 1.80 hours reviewing objectionable claims and engaging in a telephone conference with a creditor representative with respect to the prospect for a distribution.  A summary of Mr. Newman's time is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 1.80 hrs. | $605.00/hr. | $1,089.00 |
| | | | |
| **TOTAL:** | **1.80 hrs.** | | **$1,089.00** |

   **D.**  **Tax Issues (Tab 4)**:  Much Shelist expended 5.40 hours dealing with tax issues.  As previously stated, the sale of the Debtor's real estate in South Haven, Michigan, resulted in the Trustee's receipt of the sum of $75,000.00.  The Debtors' acquired their interest in the Real Estate by way of inheritance from Nancy McAdam's father.  Counsel was involved in telephonic and written communications with the Trustee's accountant with respect to the tax consequences to this estate rising from the sale of the Real Estate.  Counsel reviewed a Conveyance Deed to Ms. McAdam's father in order to determine the amount of consideration paid for the Real Estate.  Counsel also reviewed real estate tax assessments and communicated with representatives of the County Treasurer's Office in an effort to obtain information as to the value of the Real Estate.

5

By reasons of counsel's efforts, the Trustee did not have to pay any federal tax and was limited to a payment of $387.00 to the Illinois Department of Revenue on account of the sale of the Real Estate.

The individuals who provided services with respect to tax issues and the time expended by them are as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 3.10 hrs. | $605.00/hr. | $1,875.50 |
| Norman B. Newman | .90 hrs. | $625.00/hr. | 562.50 |
| **Paralegal** | | | |
| Janiece Waters | 1.60 hrs. | $210.00/hr. | 336.00 |
| | | | |
| **TOTAL:** | **5.60 hrs.** | | **$2,774.00** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed. The hourly rate reflected is an average rate.

**E.     Fee Related Matters (Tab 5)**: Much Shelist expended 5.40 hours preparing a final application for compensation for Trustee's accountant and in the preparation of this final fee application. The attorney who provided services in this category and the time expended by him is as follows:

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 5.40 hrs. | $625.00/hr. | $3,375.00 |
| | | | |
| **TOTAL:** | **5.40 hrs.** | | **$3,375.00** |

11.     During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $146.90. Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses. Much Shelist asserts that these out-of-pocket expenses were reasonable in its representation of the Trustee.

12.     The services rendered by Much Shelist as the Trustee's attorney have resulted in a substantial benefit to the Trustee and to the creditors of this estate. There will be funds available

to provide for a distribution to unsecured creditors.  By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1.      Granting this Application and awarding Much Shelist final compensation in the amount of $12,819.50 plus reimbursement of out-of-pocket expenses in the amount of $146.90 for services rendered during the period May 7, 2013 through May 28, 2014;

2.      Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

3.      Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C.**


By: /s/ Norman B. Newman
     One of Its Attorneys


Norman B. Newman (Atty. ID# 02045427)
**Much Shelist, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
312-521-2000

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| ROBERT GREGOR | ) | Case No. 13-03762 |
| NANCY J. McADAM, | ) | Hon. Janet A. Baer |
| | ) | Hearing Date |
| Debtors. | ) | @ 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

Name of Applicant: Much Shelist, P.C.

Authorized to provide professional services to: Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment: May 20, 2013

Period for which compensation is sought: 5/7/13 through /14

Amount of fees sought: $12,819.50

Amount of expense reimbursement sought: $146.90

Retainer previously received: $0.00

This is a(n): Interim Application ___  Final Application **X**

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated: June 16, 2014                MUCH SHELIST, P.C.

                            By: /s/Norman B. Newman

4836975_1

8